1  Ford & Harrison LLP
   Ross A. Boughton (SBN 241119)
2  rboughton@fordharrison.com
   Timothy L. Reed (SBN 258034)
3  treed@fordharrison.com
   505 Montgomery Street, Suite 1001
4  San Francisco, California  94111
   Telephone:    (415) 852-6900
5  Facsimile:    (415) 852-6901
   Email:        rboughton@fordharrison.com
6
   Attorneys for Defendant
7  GLOBAL CONNECTIONS TO EMPLOYMENT,
   INC.
8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12

13  UCHENNA FAUMUINA-EZE,                    CASE NO. _____

14                 Plaintiff,                **DEFENDANT GLOBAL CONNECTIONS
                                             TO EMPLOYMENT, INC.'S NOTICE OF
15        vs.                                REMOVAL TO THE UNITED STATES
                                             DISTRICT COURT FOR THE
16  GLOBAL CONNECTIONS TO                    NORTHERN DISTRICT OF CALIFORNIA
    EMPLOYMENT, INC., a Corporation          PURSUANT TO 28 U.S.C. §§ 1331, 1332 &
17  doing business in California and Does 1- 1441(B) (DIVERSITY & FEDERAL
    20, inclusive,                           QUESTION)**
18
                   Defendants
19

20

21        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

22  NORTHERN DISTRICT OF CALIFORNIA:

23        PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1332, and 1441(b),

24  defendant General Connections to Employment, Inc. ("GCE" or "Defendant") hereby removes to

25  this Court the above-captioned matter.  Removal is proper based upon the following:

26                **COMMENCEMENT OF ACTION IN STATE COURT**

27        1.     *State Court Complaint.*  Plaintiff Uchenna Faumuina-Eze ("Plaintiff") commenced

28
                                          -1-                    NOTICE OF REMOVAL

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

a civil action in the Superior Court of the State of California for the County of Monterey by filing a Complaint for Damages and Demand for Jury Trial on January 30, 2018 entitled "Uchenna Faumuina-Eze, Plaintiff, vs. Global Connections to Employment, Inc., a Corporation doing business in California and Does 1-20, inclusive, Defendants," Case No. 18CV000404 ("Complaint").

2.    *Service of Complaint.*  On February 2, 2018, Plaintiff served GCE with a copy of the Complaint, Summons, and Notice of Assignment and Case Management Conference via personal delivery on GCE's agent for service of process.  Pursuant to 28 U.S.C. § 1446(a), copies of these documents, which together constitute all process, pleadings, and orders received by GCE in this matter, are attached hereto as **Exhibit A**.  (*See also* Declaration of Angie Kahiapo ("Kahiapo Decl."), ¶ 5.)

3.    *State Court File.*  Attached hereto as **Exhibit B** are true and correct copies of all the documents filed in State Court for this action.

4.    *Timing of Removal.*  This Notice of Removal is timely filed in accordance with 28 U.S.C. 1446(b), in that it is filed within thirty (30) days after February 2, 2018, the first and only date on which GCE was provided with any pleading or other paper in this matter, and this case has been on file for less than one year.  *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  The 30-day period for removal runs from the date of service of the summons and complaint, as governed by state law.  *See Id.*  Further, when the final date to remove falls on a weekend day, the period for removal is extended until the next regular (i.e., non-holiday) weekday.  *See Depres v. Ampco-Pittsburg Corp.*, 577 F. Supp. 604, 609 (D. Conn. 2008) ("The thirtieth day after August 9, 2007 was September 8. However, because September 8 was a Saturday, according to the rules for computing time set out on Federal Rule of Civil Procedure 6(a)(3), the period for removal was extended until the next regular weekday. September 10 was the Monday immediately following September 8.  Thus, because Viad filed its notice of removal on September 10, 2007, it complied with the thirty-day period for removal specified in § 1446(b).").    Here, the thirtieth day after February 2, 2018 is Sunday, March 4, 2018.  Because that date falls on a weekend, the last day to remove this case is extended

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

NOTICE OF REMOVAL
CASE NO.:
DOCUMENT PRINTED ON RECYCLED PAPER

to Monday, March 5, 2016.  Accordingly, this Notice of Removal has been timely filed within the time provided by 28 U.S.C. § 1446(b).

## NATURE OF CLAIMS

5.      Plaintiff is a former GCE IT Training Manager whose employment was terminated on or about June 30, 2017.  (**Exhibit A,** Complaint, ¶ 2.)  In his Complaint, Plaintiff alleges the following claims against GCE: (1) "wrongful termination based on discrimination"; (2) disability discrimination in violation of California's Fair Employment and Housing Act, California Government Code § 12940, *et seq.* ("FEHA"); (3) harassment; and (4) failure to prevent harassment in violation of FEHA.  Plaintiff seeks general damages, special damages, punitive damages, attorneys' fees, and costs of suit.  (**Exhibit A,** Complaint, Prayer for Relief, ¶¶ 1-5.)

## BASIS FOR REMOVAL

### Diversity Jurisdiction

6.      This action is removable to this Court pursuant to 28 U.S.C. § 1441(b) in that, as shown below, it is one over which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest or costs.

7.      Plaintiff alleges, and Defendant is informed and believes, that Plaintiff is a citizen and resident of the State of California. (**Exhibit A,** Complaint, ¶ 2.) ("Plaintiff is and at all time mentioned [in his Complaint] was . . . an individual residing in Monterey County, California.")

8.      GCE is incorporated in the state of Florida, and its principal place of business is in Pensacola, Florida.  (Kahiapo Decl., ¶ 3.)  Accordingly, GCE is a citizen of Florida.  28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Props. Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) ("a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated").

9.      Pursuant to 28 U.S.C. Section 1441(b), the citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998).

10.      As such, there is complete diversity between Plaintiff and GCE.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

NOTICE OF REMOVAL
CASE NO.: ___
DOCUMENT PRINTED ON RECYCLED PAPER

11.     The Complaint does not allege a damages amount as to each claim. Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims will exceed the jurisdictional minimum of the court. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. W*hite v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003); *Galt GIS v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Scherer v. Equitable Life Assur. Society of the United States*, 347 F.3d 394, 399 (2nd Cir. 2003) (noting that amount to consider for jurisdictional purposes is amount put in controversy by the plaintiffs complaint, without regard to subsequently asserted defenses).   Here, Plaintiff seeks general damages, special damages, punitive damages, attorneys' fees, and costs of suit.  (**Exhibit A**, Complaint, Prayer for Relief, ¶¶ 1-5.)   At the time of his termination on June 30, 2017, Plaintiff was paid $4,119.20 on a bi-weekly basis (or $2,059.60 per week).  (Kahiapo Decl., ¶ 4.) Conservatively assuming that Plaintiff's case proceeds to trial within a year of being filed, on January 30, 2019, approximately 83 weeks will have passed between Plaintiff's termination and trial.   Potential lost wages by that date could be $170,946.80[1], which exceeds the sum of $75,000.00.

12.     Accordingly, this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**<u>Federal Question Jurisdiction</u>**

13.     This action is further removable to this Court pursuant to 28 U.S.C. § 1441(a) in that, as shown below, it is one over which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1331 because the Complaint asserts claims that arise under the laws of the United States.

---

[1] GCE in no way concedes that Plaintiff is owed lost wages or owed any damages at all.  Further, GCE does not waive any argument related to Plaintiff's obligation or failure to mitigate lost wages.

FORD & HARRISON LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

NOTICE OF REMOVAL
CASE NO.: _____
DOCUMENT PRINTED ON RECYCLED PAPER

14.     Plaintiff's first cause of action for "wrongful termination based on discrimination" is predicated on federal law.  Specifically, Plaintiff alleges that when he "requested to take . . . [Family Medical Leave Act ("FMLA")] time off . . . , [he] was wrongfully and illegally terminated by" GCE.  (**Exhibit A**, Complaint, ¶ 28.)  The FMLA is a federal law.  *See* 29 U.S.C. § 2601, *et seq.*  Further, Plaintiff claims that in terminating his employment, GCE disregarded his status as a "disabled veteran . . . under the [Americans with Disabilities Act]," (**Exhibit A**, Complaint, ¶ 28.)  The Americans with Disabilities Act is also federal law.  *See* 42 U.S.C. § 12101, *et seq.*

15.     Accordingly, federal subject matter jurisdiction exists over Plaintiff's asserted claims in accordance with 28 U.S.C. § 1331, and this action may thus be removed pursuant to 28 U.S.C. § 1441.   Further, because all of Plaintiff's claims form part of the same case and controversy, *see* **Exhibit A,** Complaint, ¶¶ 27, 29, 31, and 37 (re-alleging and incorporating by reference all previous allegations into each cause of action), this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

16.     The United States District Court for the Northern District of California is the proper venue for removal pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Superior Court of the State of California for the County of Monterey, which is located within the Northern District of California.  In addition, because the action arises in Monterey County, it shall be assigned to the San Jose Division.  *See* Civil L.R. 3-2(e).

## NOTICE

17.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing to the Clerk of the Superior Court of the State of California for the County of Monterey, and is being served upon counsel of record for Plaintiff.  A copy of GCE's Notice to State Court and Adverse Party of Removal to U.S. District Court, Northern District of California, is attached hereto as **Exhibit C**.

## BASIS FOR REMOVAL

18.     Based on the foregoing, this action is properly removable under 28 U.S.C. §

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL
CASE NO.:
DOCUMENT PRINTED ON RECYCLED PAPER

1441(a) on the ground that this Court has original jurisdiction over this case under 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1331 (federal question jurisdiction).

19.   In filing this Notice of Removal, GCE does not waive any defects in service of process, venue, or personal jurisdiction, nor any objections, exceptions, or defenses to the Complaint.

WHEREFORE, defendant General Connections to Employment, Inc. respectfully requests that this matter be removed to the United States District Court for the Northern District of California and requests that this Court assume full jurisdiction over this action as provided by law.

Dated:  March 2, 2018                         FORD & HARRISON LLP


                                              By:  /s/ Ross Boughton
                                              _____

                                                 Ross A. Boughton
                                                 Timothy L. Reed
                                                 Attorneys for Defendant
                                                 GLOBAL CONNECTIONS TO
                                                 EMPLOYMENT, INC.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

NOTICE OF REMOVAL
CASE NO.: _____
DOCUMENT PRINTED ON RECYCLED PAPER

1

## CERTIFICATE OF SERVICE

2

3      I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 505 Montgomery Street, Suite 1001, San Francisco, California  94111.  On March 2, 2018, I served a copy of the within document(s):

4

5      **DEFENDANT GLOBAL CONNECTIONS TO EMPLOYMENT, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1332 & 1441(B) (DIVERSITY & FEDERAL QUESTION)**

6

7

8      ☒      ELECTRONICALLY:  I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

9

10

11      John F. Klopfenstein                          Attorneys for Plaintiff
        LAW OFFICES OF JOHN F.                       *Uchenna Gaumuina-Eze*

12      KLOPFENSTEIN
        9 Gabilan Street, Suite 6

13      Salinas, California  93901
        Tel:  831-751-3947

14      Fax:  931-751-3982
        Email:  john.klopfenstein@yahoo.com

15

16      I declare under penalty of perjury under the laws of the United States of

17      America that the above is true and correct.  Executed on March 2, 2018, at San

18      Francisco, California.

19                                   /s/ Ross Boughton

20                                   _____

21

22

23

24

25

26

27

28

# Exhibit A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Global Connections to Employment, Inc., a Corporation doing business in California and Does 1-20, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Uchenna Faumuina-Eze

---

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 1/30/2018 2:31 PM
By: Stephani Zavala, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court for Monterey County

1200 Aguajito Road, Monterey, CA. 93940

CASE NUMBER:
*(Número del Caso):*
18CV000404

---

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John F. Klopfenstein, Esq. 9 West Gabilan Street, Suite 9, Salinas, CA. 93901, 831 751-3947

DATE:
*(Fecha)* 1/30/2018

Clerk, by
*(Secretario)* /s/ Stephani Zavala , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* GLOBAL CONNECTIONS TO EMPLOYMENT, INC., A CORPORATION DOING BUSINESS IN CALIFORNIA

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| **SUPERIOR COURT OF MONTEREY COUNTY** Monterey Branch, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| Uchenna Faumuina-Eze vs. | **CASE NUMBER** **18CV000404** |
| Does 1-20, Inclusive, et al. | **Case Management Conference** |

## <u>NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE</u>

**Your case number ending EVEN is assigned for all purposes to the Hon. Marla O. Anderson**

**Your case number ending ODD is assigned for all purposes to the Hon. Susan J. Matcham**

This notice and Alternative Dispute Resolution (ADR) information packet <u>must</u> be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* www.montereycourt.ca.gov . A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

---

### Date: <u>June 05, 2018</u>      Time:<u>9:00 AM</u>      <u>Department 14</u>

### Location: <u>Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940</u>

---

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

---

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 1/30/2018 2:31 PM
By: Stephani Zavala, Deputy

Law Office of John F. Klopfenstein
John F. Klopfenstein, Esq. SB#164905
9 Gabilan Street, Suite 6
Salinas, CA. 93901
Telephone: (831) 751-3947
Fax: (831) 751-3982
E-mail: john.klopfenstein@yahoo.com

Attorney for Plaintiff
Uchenna Faumuina-Eze

IN THE SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MONTEREY

UNLIMITED JURISDICTION

| | |
|---|---|
| UCHENNA FAUMUINA-EZE, )<br><br>     Plaintiff, )<br><br>Vs. )<br><br>GLOBAL CONNECTIONS TO )<br>EMPLOYMENT, INC., a )<br>Corporation doing business )<br>in California and Does 1-20, )<br>inclusive, )<br>     Defendants. )<br>_____ ) | CASE NO.:   18CV000404<br><br>**COMPLAINT FOR DAMAGES AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff Uchenna Faumuina-Eze complains and alleges as follows:

I.

**GENERAL ALLEGATION**

1.   All of the events that are the subject of this lawsuit took place or arose out of Monterey County, California.

2.   Plaintiff is and at all times mentioned herein was, an individual residing in Monterey County, California and entered into an employment contract with defendant Global Connections to

Employment, Inc., a Corporation doing business in California and was hired as a IT Training Manager, until he was illegally terminated on or about June 30, 2017.

3.    Plaintiff is informed, believes, and thereon alleges that Defendant Global Connections to Employment, Inc. is, and at all times mentioned herein was, a Corporation doing business within the State of California.

4.    The true names and capacities, whether as an individual, corporate, associate or otherwise, of DOES 1-20 are unknown to Plaintiff, who therefore sues the DOE defendants by fictitious names.  Plaintiff prays leave to amend this Complaint to show their true names and capacities when they have been ascertained.

5.    Plaintiff is informed, believes, and thereon alleges that each and all of the facts and omissions alleged herein were performed by and/or attributable to all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.  Plaintiff is informed and thereon believes and thereon alleges that all times material hereto, Defendants were and are agents of each other.

6.    Plaintiff is informed and believes and upon such information and belief hereon alleges that Defendants, and each of them, at all times mentioned herein, were the agents, employees, servants, alter-ego, representatives, partners and/or co-conspirators of the other Defendants, and in doing the things alleged herein, were the actual and/or ostensible agents of the other Defendants and were acting within the course and scope of said agency, employment,

2

acting within the course and scope of said agency, employment, partnership, and/or co-conspiracy; and that each and every Defendant as foresaid, when acting as a principal, was negligent in selecting, hiring, supervising, and continuing the employment of each and every Defendant as an agent, employee, and/or that said Defendants approved, acquiesced, supported, participated in, authorized, had advance knowledge of and/or ratified the acts and/or omissions of said employees agents, servants, representatives, partners, independent contractors, and/or conspirators.  Moreover, each of the Defendants supervised the other Defendant and was subject to non-delegable duties, and to duties connected to the peculiar risk of the acts and omissions that are the subject of this complaint.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

7.   Within one year of the dates of harassment herein alleged against Defendants by Plaintiff, Plaintiff filed complaints against defendant Global Connections to Employment, Inc. with the Department of Fair Employment and Housing (DFEH) and subsequently was issued a Right-to-Sue letter based on the charges described.  A true and correct copy of the Right-to-Sue letter is attached hereto as **Exhibit "A"** and is incorporated herein by reference.

## JURISDICTION AND VENUE

8.   This Court has jurisdiction over this action pursuant to Article VI, section 10 of the California Constitution.  Plaintiff brings this Complaint for violations of California law occurring in the County of Monterey, including without limitation violations of the California Labor Code, Business and Professions Code, Civil

Code and common law and the amount in controversy exceeds the minimum jurisdictional amount of the Superior Court.  Based on information and belief, Defendants are citizens of this State and have sufficient minimum contacts in the State or have otherwise intentionally availed themselves of the benefits and privileges available within this State, economic or otherwise, so as to render the exercise of jurisdiction over them by the courts of the State of California consistent with traditional notations of fair play and substantial justice.  Accordingly, this Court has jurisdiction over the parties and claims in this matter.

9.    Pursuant to Code of Civil Procedure section 395(a), venue is proper in this judicial district because Defendants now and throughout the relevant period did, reside, and/or transact business in the County of Monterey, and employed Plaintiff.  The conduct alleged herein and the damages resulting there from occurred in the County of Monterey.

### ALLEGATIONS REGARDING WORK ENVIRONMENT

10.  Plaintiff was hired by Defendant Global Connections to Employment (GCE) on or about September 7, 2015 as an IT trainee through a program that helps persons with disabilities who qualify for the AbilityOne Network to receive training and employment.  In the beginning there were problems throughout the course of the training program.

11.  Plaintiff graduated from the training program in April, 2015 and was promoted to IT Training Manager.  For the past two years, Plaintiff has been employed by GCE and never received a negative performance evaluation (Attached as Exhibit B) and was never reprimanded for any violations of GCE employee-employer policy.

12.   Shortly after Plaintiff was hired, the then IT training manager resigned leaving with Plaintiff to manage both east coast IT office as well as managing the west coast office until a new IT training manager could be hired.

13.   Sometime in June, 2015, Plaintiff started working in California as an IT Training Manager and flew back to Virginia to relocate his family to California.

14.   In October, 2015, GCE finally hired an IT Training Manager for the east coast office and Plaintiff flew back to Virginia to meet the new manager and to attend a JAVA training course.

15.   At some point in 2016, Plaintiff found out his wife was pregnant and in February 2017, he spoke with Mr. Dan Woods Vice President and Christian Grijalva, Supervisor of GCE about Plaintiff taking some time off via the Family Leave Act.  They all verbally agreed Plaintiff could work two days out of the week remotely instead of taking two months off via the Family Leave Act. Plaintiff started working remotely in April, 2017.

16.   On or about April 20, 2017, Plaintiff received a telephone call advising him his mother had just been diagnosed with an aggressive stage four cancer.  Plaintiff's supervisor, Christian Grijalva was in my office at the time and was well aware of my mother's medical condition.

17.   On April 26, 2017, Plaintiff notified his supervisor, Christian Grijalva about taking some Family Leave Act time off to help care for his mother. Plaintiff was told to contact the Human Resource Department of GCE.

18.   On or about May 2, 2017, Plaintiff contacted the Human Resources Department of GCE and spoke with Harry Skerrit about his

5

mother and taking time off via the Family Leave Act (FMLA).  Mr.
Skerrit explained the paperwork process and how to submit it to
Human Resources.  Further, Mr. Skerrit explained to Plaintiff that
it was okay to leave but Plaintiff needed to let his supervisor
know and Mr. Skerrit know about taking time off via the Family
Leave Act.

19.  On or about June 5, 2017, Plaintiff went on FMLA leave to be
with his mother during her Chemotherapy for 4 days.  Plaintiff
followed directions and notified both Mr. Skerrit and his
supervisor Mr. Grijalva.

20.  On or about June 19, 2017, Plaintiff was again on leave via
the FMLA and returned on June 23, 2017 and when he returned on June
23, 2017, Plaintiff submitted all the FMLA paperwork to Harry
Skerrit.

21.  On June 26, 2017, Plaintiff was approached by his supervisors
and it was suggested to Plaintiff that he should not take any more
FMLA leave because his mother was not really that sick and only had
stage 4 cancer is if she really got sick Plaintiff would not be
able to get Leave without permission (LWOP).  Plaintiff reiterated
to his supervisors his mother was really sick and Plaintiff had
enough hours to take off via the FMLA.

22.  On June 27, 2017, Plaintiff was approached by his supervisor
who put Plaintiff on Speaker Telephone to Human Resources.  Human
Resources Shelley Prater starting asking me questions about an
incident between two trainees.  Plaintiff received a second
telephone call from Shelley Prater asking more questions about
other allegations.  Plaintiff explained to Ms. Prater that he was a
disabled veteran and as result was given ADA accommodations that

were initiated and put in place from the date Plaintiff started working for GCE.

23.   Plaintiff again was placed on Speaker Telephone with Ms. Prater and was asked more questions about more allegations against him.

24.   On or about June 30, 2017, Plaintiff asked his supervisor that he wanted to take some more leave because his mother was undergoing another round of chemotherapy and Plaintiff wanted to be with his mother and take care of her during and after the chemotherapy.

25.   On or about June 30, 2017, at 1 p.m., Plaintiff was asked to clear out his office immediately and was told he was being terminated from employment with GCE.

26.   On or about August 16, 2017, Plaintiff met with Vice President Dan Woods and Mr. Woods wanted to know the reason Plaintiff was being terminated.   Mr. Woods told Plaintiff he should not have been terminated by GCE and that I only should have been given a written warning and placed on an action plan.   To this day, Plaintiff was never given a reason for his termination.

## FIRST CAUSE OF ACTION

### (ALL DEFENDANTS)

### (WRONGFUL TERMINATION BASED ON DISCRIMINATION)

27.   Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully alleged herein.

28.   Plaintiff is informed, believes, and thereon alleges that as previously alleged, Plaintiff was an employee of defendants and Plaintiff is further informed, believes and thereon alleges that Plaintiff was terminated by defendants and Plaintiff's protected

status not being allowed to take leave via the Family Leave Act
(FMLA), Plaintiff is a disabled veteran and comes under the ADA and
while Plaintiff was away from the office on FMLA leave, problems
erupted not the fault of Plaintiff and when questioned by Human
Resources placing blame on Plaintiff and when Plaintiff requested
to take more FMLA time off to be with his mother, Plaintiff was
wrongfully and illegally terminated by Defendants. Further,
Plaintiff suffered harm and alleges, believes it was Defendant's
conduct that was a substantial factor in causing Plaintiff's harm.
WHEREFORE, PLAINTIFF prays for judgment against all defendants as
set forth.

## SECOND CAUSE OF ACTION

### (WRONGFUL TERMINATION BASED ON DISABILITY DISCRIMINATION
### GOVERNMENT CODE SECTIONS 12900 – 12996 AND CALIFORNIA CODE OF
### REGULATIONS, TITLE 2, SECTIONS 11000 - 11141)

29. Plaintiff hereby incorporates each of the preceding paragraphs
of this Complaint as if fully alleged herein.

30. Plaintiff and Defendants were engaged in an employment
relationship where by Plaintiff was hired as the IT Training
Manager after graduation from their training program. Plaintiff
after being hired, went to Virginia in order to relocate his family
to California. Plaintiff began working for Defendants in 2015 and
Defendants were aware when Plaintiff was hired by Defendants he was
a disabled veteran. Plaintiff alleges and believes the reason
Plaintiff was terminated was because he was a disabled veteran who
had a mother with stage 4 cancer who needed Plaintiff's care, so
Plaintiff asked for and was given time off via the Family Leave
Act. While off on leave, problems erupted at work and Plaintiff

took the blame.  When again, he wanted time off to attend to his mother's cancer, he was denied, told to clean off his desk and was terminated.  Plaintiff alleges and believes his disability was a substantial factor in causing him harm.

WHEREFORE, PLAINTIFF prays for judgment against all defendants as set forth.

### THIRD CAUSE OF ACTION

### (HOSTILE WORK ENVIRONMENT, HARASSMENT)

31.  Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully alleged herein.

32.  Plaintiff alleges that Plaintiff considered the work environment to be hostile or abusive.

33.  Plaintiff is informed and believes and thereon alleges that all defendants participated in the harassing conduct.  Further, Plaintiff is informed, believes and thereon alleges, Plaintiff was harmed by the harassing conduct and Plaintiff is further informed, believes and thereon alleges that the harassing conduct was a substantial factor in causing Plaintiff harm.

34.  Plaintiff s informed, believes and thereon alleges, as a proximate and legal cause of defendant's conduct, Plaintiff has suffered among other things, the loss of wages, salary, lost future earnings, intangible benefits, loss of promotional opportunities, loss of reputation among employees at defendant GCE and additional amounts of money he would have or should have received in an amount according to proof in excess of the jurisdictional minimum of this Court and on information and belief, will continue to do so in the future.

35.   Plaintiff is informed, believes, and thereon alleges, as a further proximate result of the above-referenced actions against Plaintiff, Plaintiff has suffered humiliation, embarrassment, anxiety, mortification, mental anguish and emotional distress. Plaintiff is informed, believes and thereon alleges, because of such hostile work environment and consequent harm, Plaintiff has suffered damages and attorney's fees according to proof in excess of the jurisdictional minimum of this Court and on information and belief, will continue to do so in the future.

36.   Plaintiff is informed, believes and thereon alleges the aforementioned conduct by Defendants was willful, oppressive, fraudulent and malicious and therefore Plaintiff is entitled to punitive damages against all defendants.

WHEREFORE, PLAINTIFF prays for judgment against all defendants as set forth.

### FOURTH CAUSE OF ACTION

**(Failure to Prevent Harassment in Violation of Government Code section 12940(k)**

37.   Plaintiff re-alleges and incorporates by reference all previous allegations as though fully set forth herein.

38.   Plaintiff is informed, believes, and thereon alleges, as set forth above, he was an employee of defendant GCE and subjected to pervasive harassment by them.

36.   PLAINTIFF is informed, believes and thereon alleges he was subject to harassing conduct by his supervisor and Defendants failed to promptly investigate to end the harassment.

39.   Plaintiff is informed and believes, and thereon alleges
Plaintiff was subjected to derogatory, offensive and oppressive
physical and verbal harassment by Defendants as described above.

40.   Plaintiff is informed, believes and thereon alleges,
defendants failed to take any and all reasonable steps to prevent
the sexual harassment against Plaintiff from occurring, and to take
immediate and appropriate corrective action in violation of
California Government Code section 12940 et seq., by and among
other things, engaging in a course of conduct as set forth herein.

39.   Plaintiff is informed, believes and thereon alleges, as a
proximate and legal result of Defendant's conduct, Plaintiff has
suffered among other things, the loss of wages, salary, lost future
earnings, intangible benefits, loss of promotional opportunities,
loss of reputation among his employees at GCE, and additional
amounts of money he would have received had he not been subjected
to the harassment in an amount according to proof and is in excess
of the jurisdictional minimum of this Court and on information and
belief, will continue to do so in the future.

40.   Plaintiff is informed, believes and thereon alleges,
Defendant's failure to take any reasonable steps to prevent the
harassment against Plaintiff was a substantial factor in causing
harm to Plaintiff.

WHEREFORE, PLAINTIFF prays for judgment against Defendants and all
of them as hereinafter set forth.

<u>**PRAYER FOR RELIEF**</u>

<u>**AS TO THE FIRST CAUSE OF ACTION THROUGH THE FOURTH CAUSE OF ACTION**</u>

1.   For general damages;

2.   For special damages;

11

3.    For punitive damages;

4.    For attorney's fees, where applicable;

5.    For costs of suit herein incurred; and

6.    For such and other relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of his claims to the extent authorized by the laws of the State of California and the United States of America.

Dated:   January 29, 2018                    Respectfully Submitted,

By: _____
John T. Klopfenstein
Attorney for Plaintiff
Uchenna Faumuina-Eze

### VERIFICATION

I, Uchenna Faumuina-Eze, am the Plaintiff in the above entitled Complaint and I have reviewed the Complaint and I believe the Complaint is true and correct.  Also, any allegation that is on information and belief, I believe is true and correct.

I declare under penalty of perjury under the laws of the State of California to be true and correct.  Executed this day the 29th of January, 2018, in Salinas, California.

By: _____
Uchenna Faumuina-Eze

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758                                    DIRECTOR KEVIN KISH
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

November 02, 2017

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 971341-321938
Right to Sue: FaumuinaEze / Global Connections To Employment

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.  You or your attorney must serve the complaint.  If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

November 02, 2017

Uchenna FaumuinaEze
201 Rome Road
Seaside, California 93955

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 971341-321938
Right to Sue: FaumuinaEze / Global Connections To Employment

Dear Uchenna FaumuinaEze,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 02, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                        GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758          DIRECTOR KEVIN KISH
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:  Global Connections To Employment Christian Grijalva

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

### BEFORE THE STATE OF CALIFORNIA

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
#### Under the California Fair Employment and Housing Act
#### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                    DFEH No. 971341-321938
Uchenna FaumuinaEze, Complainant.
201 Rome Road
Seaside, California  93955

vs.

Global Connections To Employment,
Respondent.
400 Gigling Road
Seaside, California 93955

Complainant alleges:

1. Respondent **Global Connections To Employment** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

2. On or around **June 26, 2017**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Terminated, .**   Complainant believes respondent committed these actions because of their: **Color, Disability, Family Care or Medical Leave, Medical Condition - Including cancer or cancer related medical condition or genetic characteristics, Race, Military or Veteran status .**

3. Complainant **Uchenna FaumuinaEze** resides in the City of **Seaside**, State of **California**.  If complaint includes co-respondents please see below.

-5-

*Complaint ± DFEH No. 971341-321938*

Date Filed: November 02, 2017

H 902-1

1

2   **Co-Respondents:**
      Global Connections To Employment
3     Christian Grijalva
      2340 Garden Road
4     Monterey  California 93940

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

*Complaint ± DFEH No. 971341-321938*

Date Filed: November 02, 2017

1

2

**Additional Complaint Details:**

3

I believe I was fire because of my disability, race, and FMLA. Due to my disability and
FMLA because other employees who committed the same violation were not fired. After
being granted FMLA, my supervisor questioned the sickness of a family member after
and discouraged me from taking leave. Which has not been done to any other
employee who has applied for FMLA. I also believe I was discriminated against
because of my service-connected disabilities. I also wasn`t given reasonable
accommodations or given the opportunity to meet with the target employment navigator
for help with accommodations, even after submitting the paperwork to HR upon my first
month of employment.

4

5

6

7

8

9

I was hired by Global Connections to Employment (GCE) On Sept 7, 2015, as IT
Trainee that through a program that helps people with disabilities through the AbilityOne
Network to receive training and find employment.  There have been problems
throughout the course of the training program.
I graduate the IT Training Program in April and was promoted to IT Training Manager.
For the past 2 years, I have been employed by GCE. In that time I have never received
a negative performance evaluation, nor am I aware of any dispute in which I could have
been involved.
Shortly after I was hired, the current IT training manager resigned and I was left
managing both the Virginia and California programs until someone was hired.

10

11

12

13

14

15

June 3, 2016, I started in California.

16

October 2016 GCE hired a Training Manager for Virginia, I traveled back to Virginia the
same month to meet with her and to attend a JAVA training course.
In February 2017, I spoke with Dan Woods and Christian Grijalva and made a verbal
agreement for me to be allowed to work two days out of the week remotely instead of
taking maternity leave for the next couple of months.
I started working remotely in April.
April 20, 2017, I received a phone call in my office that my mother was just diagnosed
with aggressive stage four cancer. My supervisor Christian Grijalva was in the office at
the time.
April 26, 2017, I notified my supervisor that I would like to take FMLA to help take care
of her. He notified me to get ahold of HR.
May 2, 2017, I contacted HR and spoke with Harry Skerrit about my mother and taking
FMLA. He explained the process of gathering paperwork and submitting it. He also
explained that it if I need to go on leave that it was ok but to notify my supervisor and
himself.
June 5th I went on leave for my mother`s Chemotherapy for approximately four days, I
notified both my supervisor and HR (Harry Skerrit).

17

18

19

20

21

22

*Complaint ± DFEH No. 971341-321938*

H 902-1

Date Filed: November 02, 2017

June 19 I was on leave and returned on June 23, 2017

June 23, 2017, I submitted FMLA Paperwork to Harry Skerrit in HR.

On June 26, 2017, I was approached by my supervisors and he mentioned that I shouldn`t take any more long leave or use up my FMLA because my mom only had stage 4 cancer and if she got really sick I wouldn`t get paid. I explained to him that she is very sick and that I have enough hours to cover me.

On June 27, 2017, I was approached by my supervisor who put his phone on speaker phone and said HR would like to speak with me. As soon as I got on the phone HR: Shelley Prater was asking me about an incident. She went on to call a second time that day with questions about other allegations. I explained to her that I was also a disabled veteran and had accommodations that were made and put into place from the moment I started.

On June 28, 2017, Shelley Prater again called Chris and Spoke with me VIA his speakerphone with more allegations and questions.

On June 30, 2017, at Lunch I mentioned to my supervisor that I would like to FMLA on Monday, June 3rd for my mothers next round of chemotherapy.

June 30, 2017, at 1 pm, I was being asked to clear my office immediately and that I was being terminated.

August 16, 2017, I meet with VP Dan Woods and who wanted to know why I was terminated and explained to me that I shouldn`t have been terminated and that I should have been written up or put on an action plan. He also mentioned that GCE had a stronghold on me.

*Complaint ± DFEH No: 971341-321938*

H 902-1.

Date Filed: November 02, 2017

VERIFICATION

I, **Uchenna Faumuina-Eze**, am the Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On November 02, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Seaside, CA**
**Uchenna Faumuina-Eze**

-9-

*Complaint ± DFEH No. 971341-321938.*

Date Filed: November 02, 2017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B



# EITS Employee Evaluation

*Enriching lives by creating opportunities for people with disabilities.*

**Employee Name:** Uchenna Ezeilua Eze        **Employee ID:** 704464

**Position Title:** Training Manager

**Supervisor:** Christian Grijalva        **ID:**

**Reason for Review:** (✓) Annual

**Evaluation Period (xx/xx/xx – xx/xx/xx):** Oct 1, 2015 – Sept 30, 2016

## Scoring

Scores given to the employee are to be based upon direct observation of that employee, supervision, review of documentation and other available data.

**Evaluation Components**

## Rating

1 = Unsatisfactory: Performance consistently fails to meet minimum position requirements; employee lacks skills required or fails to utilize necessary skills.

2 = Inconsistent: Performance meets some, but not all position requirements.

3 = Proficient: Performance consistently meets position requirements.

4 = Highly Effective: Performance frequently exceeds position requirements.

5 = Exceptional: Performance is consistently superior and significantly exceeds position requirements.

Comments are required for all ratings.

EITS-FM004-v1
Approval: DCR # 48

Page 1 of 8

Issue Date: 10/01/2016

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*



Employee Evaluation

| I.  Essential Job Functions | | |
|---|---|---|
| Functions: Directly from Job Description | Score | Comments/Supporting  Evidence |
| Directly support the Program Managers and other leadership in employee and organization | 3.0 | Uchenna successfully transitioned into the training manager role to assume the |
| Design and implement training programs and suggest enhancements to existing programs | 3.0 | Uchenna developed, from the bottom up, the course content for the Business Analyst |
| Coordinate with employees to manage progress on development plans | 3.0 | Uchenna has frequent and periodic communications with each member of the ITTP |
| Assist management with recruiting new staff | 3.0 | Uchenna has attended a couple of the local hiring events and coordinates and performs |
| Oversee engagements and coordinate with training vendors | 3.0 | Uchenna coordinated two external training events with vendors to include the necessary |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| Average Score for Essential Job Functions | 3.0 |  |

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*



Employee Evaluation

| II. Performance Goals |
|---|

| Performance Goal 1 |
|---|

**Statement of Goal:** Successfully transition into training manager position and learn new job functions and role

**Measurement:** No real measurement for this except to determine if transition from old job into new position is completed

**Projected Timeline:** 30 days after start of new job

**Annual Review Employee Comments/Supporting Evidence:**

**Annual Review Supervisor Comments/Supporting Evidence:** Uchenna has demonstrated that he has learned

**Score:** 3.0

| Performance Goal 2 |
|---|

**Statement of Goal:** Design and document the course content for the Business Analyst learning track within the ITTP

**Measurement:** Delivery of finished usable content via a course syllabus, associated exercises and evaluation exams

**Projected Timeline:** 5/01/2016 - 08/01/2016

**Annual Review Employee Comments/Supporting Evidence:**

**Annual Review Supervisor Comments/Supporting Evidence:** Initial documents were provided on time and were acceptable for program use. These items continue to be revised as the program continues.

**Score:** 3.0

| Performance Goal 3 |
|---|

**Statement of Goal:** Successfully on-board new class of trainees for ITTP within the allotted two week startup period

**Measurement:** Percentage of new trainees on-board and ready to begin training with all necessary corporate credentials and access to necessary systems and materials

**Projected Timeline:** 6/01/2016 - 6/15/2016

EITS-FM004-v1
Approval: DCR # 48

Issue Date: 10/01/2016

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*



Employee Evaluation

| | |
|---|---|
| Annual Review Employee Comments/Supporting Evidence: | |
| Annual Review Supervisor Comments/Supporting Evidence: | All available trainees were provided with necessary items and ready to begin on-time as scheduled. |
| Score: 3.0 | |

| Performance Goal 4 | |
|---|---|
| Statement of Goal: | |
| Measurement: | |
| Projected Timeline: | |
| Annual Review Employee Comments/Supporting Evidence: | |
| Annual Review Supervisor Comments/Supporting Evidence: | |
| Score: | |

| Performance Goal 5 | |
|---|---|
| Statement of Goal: | |
| Measurement: | |
| Projected Timeline: | |
| Annual Review Employee Comments/Supporting Evidence: | |
| Annual Review Supervisor Comments/Supporting Evidence: | |
| Score: | |

| Average Score for Performance Goals | 3.0 | |
|---|---|---|

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*



Employee Evaluation

## III. Standards of Performance

| Standard | Score | Comments/Supporting Evidence |
|---|---|---|
| Customer Experience: Customer Engagement, Etiquette, Responsiveness, and Communication | 3.5 | |
| Professional Demeanor: Attitude, Appearance, Courtesy, and Respect | 3.5 | |
| Ownership/Accountability: Sense of Ownership, Punctuality, Accountability (Self Accountability and Peer Accountability) | 3.5 | |
| Compliance/Safety: Ethics, Privacy, Confidentiality, Safety Awareness | 3.5 | |
| Average Score for Standards of Performance | 3.5 | |

## IV. Values

| Value | Expectation | Score | Comments/Supporting Evidence |
|---|---|---|---|
| Vision | Willingness to look forward to the future and make decisions necessary to accomplish important goals. | 3.0 | |
| Integrity | Maintains the highest standards of behavior. Encompasses honesty, ethics, and doing the right things for the right reason. | 4.0 | |
| Superior Service | Provides excellent service and will take the extra time to make sure the task is completed on time and accurately. | 3.5 | |
| Innovation | Very creative and willing to explore new approaches to improving the overall process. | 3.0 | |
| Teamwork | An abiding respect for others and a sustaining commitment to work together. | 3.5 | |
| Stewardship | Dedicated to responsible stewardship of Lakeview Center's assets and financial resources, and to community service | 4.0 | |
| | Average Score for Values | 3.5 | |

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*



Employee Evaluation

## Performance Evaluation Final Score

| | Score | Weight | Value |
|---|---|---|---|
| Average Score for Essential Job Functions | 3.0 | 30% | 0.9 |
| Average Score for Performance Goals | 3.0 | 30% | 0.9 |
| Average Score for Standards of Performance | 3.5 | 20% | 0.7 |
| Average Score for Values | 3.5 | 20% | 0.7 |
| Overall Average and Final Score | | | 3.2 |

## V.    Development Goals

Establish 1-3 developmental goals for the fiscal year. Goals should be a collaborative effort between the manager and the employee. The developmental goals should align with the overall business strategy and the employee's career goals.

| Development Goal 1 |
|---|
| Statement of Goal: Learn more about the various information technology disciplines offered as services by GCE to the client. |
| Measurement: Demonstrated proficiency by participation in the content evaluations provided to the trainees across the different learning tracks. |
| Projected Timeline: evaluation period |
| Annual Review Employee Comments: |
| Annual Review Supervisor Comments: Uchenna participated in all vendor provided training along with the trainees. He continues to study the content related to the SE learning track. |
| Development Goal 2 |
| Statement of Goal: |
| Measurement: |
| Projected Timeline: |
| Annual Review Employee Comments: |

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*



Employee Evaluation

| Annual Review Supervisor Comments: | |
|---|---|
| **Development Goal 3** | |
| Statement of Goal: | |
| Measurement: | |
| Projected Timeline: | |
| Annual Review Employee Comments: | |
| Annual Review Supervisor Comments: | |

| Additional Supervisor Comments (Optional) |
|---|
| Uchenna has transitioned well into the training manager position and has done a good job picking up where the previous training manager left off. He has made significant progress in the effort to improve the overall delivery of the ITTP. He is rapidly coming up to speed on all of the internal management processes and learning the intricacies of supervision in this setting. |

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*



Employee Evaluation

| Deputy Program Manager/Program Manager Comments (Optional) |
|---|
| |

| Employee Comments (Optional) |
|---|
| no comments |

| Attachments | |
|---|---|
| Job Description – Signed by Employee (Required) | |
| Corrective Action Plan (If Applicable) | |
| Other: | |

| Annual Review | | |
|---|---|---|
| Supervisor: | Christia n Grijalva | Digitally signed by Christian Grijalva DN: CN = Christian Grijalva email = christian.grijalva@gce.org C = US O = GCE OU = GCE Date: 2017.01.18 14:51:55 -08'00' |
| Deputy Program Manager/Program Manager: | Christia n Grijalva | Digitally signed by: Christian Grijalva DN: CN = Christian Grijalva email = christian.grijalva@gce. /org C = US O = GCE OU = GCE Date: 2017.01.18 14:52:06 -08'00' |
| Employee: | Uchenna Faumuina-Eze | Digitally signed by Uchenna Faumuina-Eze Date: 2017.01.18 14:55:54 -08'00' |
| My signature certifies that I have reviewed my annual evaluation form and have been given the opportunity to provide feedback. | | |

EITS-FM004-v1                          Page 8 of 8                          Issue Date: 10/01/2016
Approval: DCR # 48

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| John F. Klopfenstein, Esq. SB#164905<br>9 West Gabilan Street, Suite 6, Salinas, CA. 93901<br><br>TELEPHONE NO.: 831 751-3947   FAX NO.: 831 751-3982<br>ATTORNEY FOR *(Name)*: john.klopfenstein@yahoo.com | ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 1/30/2018 2:31 PM<br>By: Stephani Zavala, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Monterey
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: 1200 Aguajito Road
CITY AND ZIP CODE: Monterey, CA. 93940
BRANCH NAME: Civil Branch

CASE NAME:
Uchenna Faumuina-Eze v. Global Connections to Employment, Inc. et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>18CV000404 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: 4 Causes of Action
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 01/30/2018

John F. Klopfenstein, Esq.
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

Exhibit B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Global Connections to Employment, Inc., a Corporation doing business
in California and Does 1-20, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Uchenna Faumuina-Eze

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 1/30/2018 2:31 PM
By: Stephani Zavala, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court for Monterey County<br><br>1200 Aguajito Road, Monterey, CA. 93940 | CASE NUMBER:<br>*(Número del Caso):*<br><br>18CV000404 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John F. Klopfenstein, Esq. 9 West Gabilan Street, Suite 9, Salinas, CA. 93901, 831 751-3947

| DATE:<br>*(Fecha)* 1/30/2018 | Clerk, by<br>*(Secretario)* /s/ Stephani Zavala | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA
EUREKA
COUNTY OF MONTEREY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* GLOBAL CONNECTIONS TO EMPLOYMENT, INC., A CORPORATION DOING BUSINESS IN CALIFORNIA

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SUPERIOR COURT OF MONTEREY COUNTY | |
|---|---|
| **Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
| Uchenna Faumuina-Eze<br>vs.<br>Does 1-20, Inclusive, et al. | **CASE NUMBER**<br>**18CV000404** |
| | **Case Management Conference** |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case number ending EVEN is assigned for all purposes to the Hon. Marla O. Anderson**

**Your case number ending ODD is assigned for all purposes to the Hon. Susan J. Matcham**

This notice and Alternative Dispute Resolution (ADR) information packet <u>must</u> be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at www.montereycourt.ca.gov* . A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

> ### Date: <u>June 05, 2018</u>     Time:<u>9:00 AM</u>     <u>Department 14</u>
>
> ### Location: <u>Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940</u>

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

---

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 1/30/2018 2:31 PM
By: Stephani Zavala, Deputy

Law Office of John F. Klopfenstein
John F. Klopfenstein, Esq. SB#164905
9 Gabilan Street, Suite 6
Salinas, CA. 93901
Telephone: (831) 751-3947
Fax: (831) 751-3982
E-mail: john.klopfenstein@yahoo.com

Attorney for Plaintiff
Uchenna Faumuina-Eze

IN THE SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MONTEREY

UNLIMITED JURISDICTION

| | |
|---|---|
| UCHENNA FAUMUINA-EZE,   ) | CASE NO.:   18CV000404 |
| )   Plaintiff,   ) | **COMPLAINT FOR DAMAGES AND** |
| )   ) | **DEMAND FOR JURY TRIAL** |
| Vs.   ) | |
| )   GLOBAL CONNECTIONS TO   ) | |
| EMPLOYMENT, INC., a   ) | |
| Corporation doing business   ) | |
| in California and Does 1-20,   ) | |
| inclusive,   )   Defendants.   ) | |
| _____ ) | |

Plaintiff Uchenna Faumuina-Eze complains and alleges as follows:

I.

**GENERAL ALLEGATION**

1.   All of the events that are the subject of this lawsuit took place or arose out of Monterey County, California.

2.   Plaintiff is and at all times mentioned herein was, an individual residing in Monterey County, California and entered into an employment contract with defendant Global Connections to

1

Employment, Inc., a Corporation doing business in California and
was hired as a IT Training Manager, until he was illegally
terminated on or about June 30, 2017.

3.    Plaintiff is informed, believes, and thereon alleges that
Defendant Global Connections to Employment, Inc. is, and at all
times mentioned herein was, a Corporation doing business within the
State of California.

4.    The true names and capacities, whether as an individual,
corporate, associate or otherwise, of DOES 1-20 are unknown to
Plaintiff, who therefore sues the DOE defendants by fictitious
names.   Plaintiff prays leave to amend this Complaint to show their
true names and capacities when they have been ascertained.

5.    Plaintiff is informed, believes, and thereon alleges that each
and all of the facts and omissions alleged herein were performed by
and/or attributable to all Defendants, each acting as agents and/or
employees, and/or under the direction and control of each of the
other Defendants, and that said acts and failures to act were
within the course and scope of said agency, employment, and/or
direction and control.   Plaintiff is informed and thereon believes
and thereon alleges that all times material hereto, Defendants were
and are agents of each other.

6.    Plaintiff is informed and believes and upon such information
and belief hereon alleges that Defendants, and each of them, at all
times mentioned herein, were the agents, employees, servants,
alter-ego, representatives, partners and/or co-conspirators of the
other Defendants, and in doing the things alleged herein, were the
actual and/or ostensible agents of the other Defendants and were
acting within the course and scope of said agency, employment,

1  acting within the course and scope of said agency, employment,

2  partnership, and/or co-conspiracy; and that each and every

3  Defendant as foresaid, when acting as a principal, was negligent in

4  selecting, hiring, supervising, and continuing the employment of

5  each and every Defendant as an agent, employee, and/or that said

6  Defendants approved, acquiesced, supported, participated in,

7  authorized, had advance knowledge of and/or ratified the acts

8  and/or omissions of said employees agents, servants,

9  representatives, partners, independent contractors, and/or

10  conspirators.  Moreover, each of the Defendants supervised the

11  other Defendant and was subject to non-delegable duties, and to

12  duties connected to the peculiar risk of the acts and omissions

13  that are the subject of this complaint.

14

15  **EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS**

16  7.   Within one year of the dates of harassment herein alleged

17  against Defendants by Plaintiff, Plaintiff filed complaints against

18  defendant Global Connections to Employment, Inc. with the

19  Department of Fair Employment and Housing (DFEH) and subsequently

20  was issued a Right-to-Sue letter based on the charges described.  A

21  true and correct copy of the Right-to-Sue letter is attached hereto

22  as **Exhibit "A"** and is incorporated herein by reference.

23  **JURISDICTION AND VENUE**

24  8.   This Court has jurisdiction over this action pursuant to

25  Article VI, section 10 of the California Constitution.  Plaintiff

26  brings this Complaint for violations of California law occurring in

27  the County of Monterey, including without limitation violations of

28  the California Labor Code, Business and Professions Code, Civil

3

1  Code and common law and the amount in controversy exceeds the

2  minimum jurisdictional amount of the Superior Court.  Based on

3  information and belief, Defendants are citizens of this State and

4  have sufficient minimum contacts in the State or have otherwise

5  intentionally availed themselves of the benefits and privileges

6  available within this State, economic or otherwise, so as to render

7  the exercise of jurisdiction over them by the courts of the State

8  of California consistent with traditional notations of fair play

9  and substantial justice.  Accordingly, this Court has jurisdiction

10  over the parties and claims in this matter.

11  9.    Pursuant to Code of Civil Procedure section 395(a), venue is

12  proper in this judicial district because Defendants now and

13  throughout the relevant period did, reside, and/or transact

14  business in the County of Monterey, and employed Plaintiff.  The

15  conduct alleged herein and the damages resulting there from

16  occurred in the County of Monterey.

17  **ALLEGATIONS REGARDING WORK ENVIRONMENT**

18  10.  Plaintiff was hired by Defendant Global Connections to

19  Employment (GCE) on or about September 7, 2015 as an IT trainee

20  through a program that helps persons with disabilities who qualify

21  for the AbilityOne Network to receive training and employment.  In

22  the beginning there were problems throughout the course of the

23  training program.

24  11.  Plaintiff graduated from the training program in April, 2015

25  and was promoted to IT Training Manager.  For the past two years,

26  Plaintiff has been employed by GCE and never received a negative

27  performance evaluation (Attached as Exhibit B) and was never

28  reprimanded for any violations of GCE employee-employer policy.

12.   Shortly after Plaintiff was hired, the then IT training manager resigned leaving with Plaintiff to manage both east coast IT office as well as managing the west coast office until a new IT training manager could be hired.

13.   Sometime in June, 2015, Plaintiff started working in California as an IT Training Manager and flew back to Virginia to relocate his family to California.

14.   In October, 2015, GCE finally hired an IT Training Manager for the east coast office and Plaintiff flew back to Virginia to meet the new manager and to attend a JAVA training course.

15.   At some point in 2016, Plaintiff found out his wife was pregnant and in February 2017, he spoke with Mr. Dan Woods Vice President and Christian Grijalva, Supervisor of GCE about Plaintiff taking some time off via the Family Leave Act.  They all verbally agreed Plaintiff could work two days out of the week remotely instead of taking two months off via the Family Leave Act. Plaintiff started working remotely in April, 2017.

16.   On or about April 20, 2017, Plaintiff received a telephone call advising him his mother had just been diagnosed with an aggressive stage four cancer.  Plaintiff's supervisor, Christian Grijalva was in my office at the time and was well aware of my mother's medical condition.

17.   On April 26, 2017, Plaintiff notified his supervisor, Christian Grijalva about taking some Family Leave Act time off to help care for his mother. Plaintiff was told to contact the Human Resource Department of GCE.

18.   On or about May 2, 2017, Plaintiff contacted the Human Resources Department of GCE and spoke with Harry Skerrit about his

5

mother and taking time off via the Family Leave Act (FMLA).  Mr.
Skerrit explained the paperwork process and how to submit it to
Human Resources.  Further, Mr. Skerrit explained to Plaintiff that
it was okay to leave but Plaintiff needed to let his supervisor
know and Mr. Skerrit know about taking time off via the Family
Leave Act.

19.  On or about June 5, 2017, Plaintiff went on FMLA leave to be
with his mother during her Chemotherapy for 4 days.  Plaintiff
followed directions and notified both Mr. Skerrit and his
supervisor Mr. Grijalva.

20.  On or about June 19, 2017, Plaintiff was again on leave via
the FMLA and returned on June 23, 2017 and when he returned on June
23, 2017, Plaintiff submitted all the FMLA paperwork to Harry
Skerrit.

21.  On June 26, 2017, Plaintiff was approached by his supervisors
and it was suggested to Plaintiff that he should not take any more
FMLA leave because his mother was not really that sick and only had
stage 4 cancer is if she really got sick Plaintiff would not be
able to get Leave without permission (LWOP).  Plaintiff reiterated
to his supervisors his mother was really sick and Plaintiff had
enough hours to take off via the FMLA.

22.  On June 27, 2017, Plaintiff was approached by his supervisor
who put Plaintiff on Speaker Telephone to Human Resources.  Human
Resources Shelley Prater starting asking me questions about an
incident between two trainees.  Plaintiff received a second
telephone call from Shelley Prater asking more questions about
other allegations.  Plaintiff explained to Ms. Prater that he was a
disabled veteran and as result was given ADA accommodations that

6

were initiated and put in place from the date Plaintiff started working for GCE.

23.   Plaintiff again was placed on Speaker Telephone with Ms. Prater and was asked more questions about more allegations against him.

24.   On or about June 30, 2017, Plaintiff asked his supervisor that he wanted to take some more leave because his mother was undergoing another round of chemotherapy and Plaintiff wanted to be with his mother and take care of her during and after the chemotherapy.

25.   On or about June 30, 2017, at 1 p.m., Plaintiff was asked to clear out his office immediately and was told he was being terminated from employment with GCE.

26.   On or about August 16, 2017, Plaintiff met with Vice President Dan Woods and Mr. Woods wanted to know the reason Plaintiff was being terminated.   Mr. Woods told Plaintiff he should not have been terminated by GCE and that I only should have been given a written warning and placed on an action plan.   To this day, Plaintiff was never given a reason for his termination.

## FIRST CAUSE OF ACTION

### (ALL DEFENDANTS)

### (WRONGFUL TERMINATION BASED ON DISCRIMINATION)

27.   Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully alleged herein.

28.   Plaintiff is informed, believes, and thereon alleges that as previously alleged, Plaintiff was an employee of defendants and Plaintiff is further informed, believes and thereon alleges that Plaintiff was terminated by defendants and Plaintiff's protected

7

status not being allowed to take leave via the Family Leave Act
(FMLA), Plaintiff is a disabled veteran and comes under the ADA and
while Plaintiff was away from the office on FMLA leave, problems
erupted not the fault of Plaintiff and when questioned by Human
Resources placing blame on Plaintiff and when Plaintiff requested
to take more FMLA time off to be with his mother, Plaintiff was
wrongfully and illegally terminated by Defendants. Further,
Plaintiff suffered harm and alleges, believes it was Defendant's
conduct that was a substantial factor in causing Plaintiff's harm.
WHEREFORE, PLAINTIFF prays for judgment against all defendants as
set forth.

## SECOND CAUSE OF ACTION

### (WRONGFUL TERMINATION BASED ON DISABILITY DISCRIMINATION GOVERNMENT CODE SECTIONS 12900 – 12996 AND CALIFORNIA CODE OF REGULATIONS, TITLE 2, SECTIONS 11000 - 11141)

29. Plaintiff hereby incorporates each of the preceding paragraphs
of this Complaint as if fully alleged herein.

30. Plaintiff and Defendants were engaged in an employment
relationship where by Plaintiff was hired as the IT Training
Manager after graduation from their training program. Plaintiff
after being hired, went to Virginia in order to relocate his family
to California. Plaintiff began working for Defendants in 2015 and
Defendants were aware when Plaintiff was hired by Defendants he was
a disabled veteran. Plaintiff alleges and believes the reason
Plaintiff was terminated was because he was a disabled veteran who
had a mother with stage 4 cancer who needed Plaintiff's care, so
Plaintiff asked for and was given time off via the Family Leave
Act. While off on leave, problems erupted at work and Plaintiff

took the blame. When again, he wanted time off to attend to his mother's cancer, he was denied, told to clean off his desk and was terminated. Plaintiff alleges and believes his disability was a substantial factor in causing him harm.

WHEREFORE, PLAINTIFF prays for judgment against all defendants as set forth.

### THIRD CAUSE OF ACTION

### (HOSTILE WORK ENVIRONMENT, HARASSMENT)

31. Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully alleged herein.

32. Plaintiff alleges that Plaintiff considered the work environment to be hostile or abusive.

33. Plaintiff is informed and believes and thereon alleges that all defendants participated in the harassing conduct. Further, Plaintiff is informed, believes and thereon alleges, Plaintiff was harmed by the harassing conduct and Plaintiff is further informed, believes and thereon alleges that the harassing conduct was a substantial factor in causing Plaintiff harm.

34. Plaintiff s informed, believes and thereon alleges, as a proximate and legal cause of defendant's conduct, Plaintiff has suffered among other things, the loss of wages, salary, lost future earnings, intangible benefits, loss of promotional opportunities, loss of reputation among employees at defendant GCE and additional amounts of money he would have or should have received in an amount according to proof in excess of the jurisdictional minimum of this Court and on information and belief, will continue to do so in the future.

35.   Plaintiff is informed, believes, and thereon alleges, as a further proximate result of the above-referenced actions against Plaintiff, Plaintiff has suffered humiliation, embarrassment, anxiety, mortification, mental anguish and emotional distress. Plaintiff is informed, believes and thereon alleges, because of such hostile work environment and consequent harm, Plaintiff has suffered damages and attorney's fees according to proof in excess of the jurisdictional minimum of this Court and on information and belief, will continue to do so in the future.

36.   Plaintiff is informed, believes and thereon alleges the aforementioned conduct by Defendants was willful, oppressive, fraudulent and malicious and therefore Plaintiff is entitled to punitive damages against all defendants.

WHEREFORE, PLAINTIFF prays for judgment against all defendants as set forth.

## FOURTH CAUSE OF ACTION

### (Failure to Prevent Harassment in Violation of Government Code section 12940(k)

37.   Plaintiff re-alleges and incorporates by reference all previous allegations as though fully set forth herein.

38.   Plaintiff is informed, believes, and thereon alleges, as set forth above, he was an employee of defendant GCE and subjected to pervasive harassment by them.

36.   PLAINTIFF is informed, believes and thereon alleges he was subject to harassing conduct by his supervisor and Defendants failed to promptly investigate to end the harassment.

39.   Plaintiff is informed and believes, and thereon alleges Plaintiff was subjected to derogatory, offensive and oppressive physical and verbal harassment by Defendants as described above.

40.   Plaintiff is informed, believes and thereon alleges, defendants failed to take any and all reasonable steps to prevent the sexual harassment against Plaintiff from occurring, and to take immediate and appropriate corrective action in violation of California Government Code section 12940 et seq., by and among other things, engaging in a course of conduct as set forth herein.

39.   Plaintiff is informed, believes and thereon alleges, as a proximate and legal result of Defendant's conduct, Plaintiff has suffered among other things, the loss of wages, salary, lost future earnings, intangible benefits, loss of promotional opportunities, loss of reputation among his employees at GCE, and additional amounts of money he would have received had he not been subjected to the harassment in an amount according to proof and is in excess of the jurisdictional minimum of this Court and on information and belief, will continue to do so in the future.

40.   Plaintiff is informed, believes and thereon alleges, Defendant's failure to take any reasonable steps to prevent the harassment against Plaintiff was a substantial factor in causing harm to Plaintiff.

WHEREFORE, PLAINTIFF prays for judgment against Defendants and all of them as hereinafter set forth.

### PRAYER FOR RELIEF

**AS TO THE FIRST CAUSE OF ACTION THROUGH THE FOURTH CAUSE OF ACTION**

1.   For general damages;

2.   For special damages;

11

3.   For punitive damages;

4.   For attorney's fees, where applicable;

5.   For costs of suit herein incurred; and

6.   For such and other relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of his claims to the extent authorized by the laws of the State of California and the United States of America.

Dated:   January 29, 2018                    Respectfully Submitted,

By: _____
                                   John F. Klopfenstein
                                   Attorney for Plaintiff
                                   Uchenna Faumuina-Eze

### VERIFICATION

I, Uchenna Faumuina-Eze, am the Plaintiff in the above entitled Complaint and I have reviewed the Complaint and I believe the Complaint is true and correct.  Also, any allegation that is on information and belief, I believe is true and correct.

I declare under penalty of perjury under the laws of the State of California to be true and correct.  Executed this day the 29th of January, 2018, in Salinas, California.

By: _____
                                   Uchenna Faumuina-Eze

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

November 02, 2017

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 971341-321938
Right to Sue: FaumuinaEze / Global Connections To Employment

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.  You or your attorney must serve the complaint.  If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                              GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758                                              DIRECTOR KEVIN KISH
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

November 02, 2017

Uchenna FaumuinaEze
201 Rome Road
Seaside, California 93955

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 971341-321938
Right to Sue: FaumuinaEze / Global Connections To Employment

Dear Uchenna FaumuinaEze,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 02, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758                         DIRECTOR KEVIN KISH
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:  Global Connections To Employment Christian Grijalva

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                    DFEH No. 971341-321938
Uchenna FaumuinaEze, Complainant.
201 Rome Road
Seaside, California 93955

vs.

Global Connections To Employment,
Respondent.
400 Gigling Road
Seaside, California 93955

Complainant alleges:

1. Respondent **Global Connections To Employment** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

2. On or around **June 26, 2017**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Terminated,** .   Complainant believes respondent committed these actions because of their: **Color, Disability, Family Care or Medical Leave, Medical Condition - Including cancer or cancer related medical condition or genetic characteristics, Race, Military or Veteran status** .

3. Complainant **Uchenna FaumuinaEze** resides in the City of **Seaside**, State of **California**.  If complaint includes co-respondents please see below.

-5-

Date Filed: November 02, 2017

H 902-1

1

2   **Co-Respondents:**
    Global Connections To Employment
3   Christian Grijalva
    2340 Garden Road
4   Monterey  California 93940

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

H 902-1

*Complaint ± DFEH No. 971341-321938*

Date Filed: November 02, 2017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Additional Complaint Details:**

I believe I was fire because of my disability, race, and FMLA. Due to my disability and FMLA because other employees who committed the same violation were not fired. After being granted FMLA, my supervisor questioned the sickness of a family member after and discouraged me from taking leave. Which has not been done to any other employee who has applied for FMLA. I also believe I was discriminated against because of my service-connected disabilities. I also wasn`t given reasonable accommodations or given the opportunity to meet with the target employment navigator for help with accommodations, even after submitting the paperwork to HR upon my first month of employment.

I was hired by Global Connections to Employment (GCE) On Sept 7, 2015, as IT Trainee that through a program that helps people with disabilities through the AbilityOne Network to receive training and find employment.  There have been problems throughout the course of the training program.
I graduate the IT Training Program in April and was promoted to IT Training Manager. For the past 2 years, I have been employed by GCE. In that time I have never received a negative performance evaluation, nor am I aware of any dispute in which I could have been involved.
Shortly after I was hired, the current IT training manager resigned and I was left managing both the Virginia and California programs until someone was hired.

June 3, 2016, I started in California.

October 2016 GCE hired a Training Manager for Virginia, I traveled back to Virginia the same month to meet with her and to attend a JAVA training course.
In February 2017, I spoke with Dan Woods and Christian Grijalva and made a verbal agreement for me to be allowed to work two days out of the week remotely instead of taking maternity leave for the next couple of months.
I started working remotely in April.
April 20, 2017, I received a phone call in my office that my mother was just diagnosed with aggressive stage four cancer. My supervisor Christian Grijalva was in the office at the time.
April 26, 2017, I notified my supervisor that I would like to take FMLA to help take care of her. He notified me to get ahold of HR.
May 2, 2017, I contacted HR and spoke with Harry Skerrit about my mother and taking FMLA. He explained the process of gathering paperwork and submitting it. He also explained that it if I need to go on leave that it was ok but to notify my supervisor and himself.
June 5th I went on leave for my mother`s Chemotherapy for approximately four days, I notified both my supervisor and HR (Harry Skerrit).

*Complaint ± DFEH No. 971341-321938*

Date Filed: November 02, 2017

H 902-1

June 19 I was on leave and returned on June 23, 2017
June 23, 2017, I  submitted FMLA Paperwork to Harry Skerrit in HR.
On June 26, 2017, I was approached by my supervisors and he mentioned that I shouldn`t take any more long leave or use up my FMLA because my mom only had stage 4 cancer and if she got really sick I wouldn`t get paid. I explained to him that she is very sick and that I have enough hours to cover me.
On June 27, 2017, I was approached by my supervisor who put his phone on speaker phone and said HR would like to speak with me. As soon as I got on the phone HR: Shelley Prater was asking me about an incident. She went on to call a second time that day with questions about other allegations. I explained to her that I was also a disabled veteran and had accommodations that were made and put into place from the moment I started.
On June 28, 2017, Shelley Prater again called Chris and Spoke with me VIA his speakerphone with more allegations and questions.
On June 30, 2017, at Lunch I mentioned to my supervisor that I would like to FMLA on Monday, June 3rd for my mothers next round of chemotherapy.
June 30, 2017, at 1 pm, I was being asked to clear my office immediately and that I was being terminated.
August 16, 2017, I meet with VP Dan Woods and who wanted to know why I was terminated and explained to me that I shouldn`t have been terminated and that I should have been written up or put on an action plan. He also mentioned that GCE had a stronghold on me.

-8-

H 902-1.

VERIFICATION

I, **Uchenna Faumuina-Eze**, am the Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On November 02, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Seaside, CA**
**Uchenna Faumuina-Eze**

*Complaint ± DFEH No. 971341-321938.*

Date Filed: November 02, 2017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**



# EITS Employee Evaluation

*Enriching lives by creating opportunities for people with disabilities.*

Directly support the Program Management in the client management model and organizing as scheduled.

**Employee Name:** Uchenna Eziukwu Ezo

**Position Title:** Training Manager

**Supervisor:** Christian Grijalva

**Reason for Review:** (✓) Annual

**Evaluation Period (xx/xx/xx – xx/xx/xx):** Oct 1, 2015 – Sept 30, 2016

**Employee ID:** 704464

**ID:** AU: 7970

| | |
|---|---|
| 3.0 | 0.9 |
| 3.5 | |
| 3.0 | |
| 3.5 | 3.5 |
| 3.5 | 0.7 |
| 3.5 | |
| 3.0 | |
| 3.5 | |
| 3.0 | |
| 3.0 | |

## Scoring

Scores given to the employee are to be based upon direct observation of that employee, supervision, review of documentation and other available data.

Evaluation Components:

**Essential Job Functions (80%):**

**Substantial Job Functions (20%):**

## Rating

1 = Unsatisfactory: Performance consistently fails to meet minimum position requirements; employee lacks skills required or fails to utilize necessary skills.

2 = Inconsistent: Performance does not consistently meet position requirements.

3 = Proficient: Performance consistently meets position requirements.

4 = Highly effective: Performance frequently exceeds position requirements.

5 = Exceptional: Performance is consistently superior and significantly exceeds position requirements.

**Comments are required for all ratings.**

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*



Employee Evaluation

| I.  Essential Job Functions | | |
|---|---|---|
| Functions: Directly from Job Description | Score | Comments/Supporting Evidence |
| Directly support the Program Managers and other leadership in employee and organization | 3.0 | Uchenna successfully transitioned into the training manager role to assume the |
| Design and implement training programs and suggest enhancements to existing programs | 3.0 | Uchenna developed, from the bottom up, the course content for the Business Analyst |
| Coordinate with employees to manage progress on development plans | 3.0 | Uchenna has frequent and periodic communications with each member of the ITTP |
| Assist management with recruiting new staff | 3.0 | Uchenna has attended a couple of the local hiring events and coordinates and performs |
| Oversee engagements and coordinate with training vendors | 3.0 | Uchenna coordinated two external training events with vendors to include the necessary |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Average Score for Essential Job Functions | 3.0 | |

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*



Employee Evaluation

| II.   Performance Goals |
|---|
| **Performance Goal 1** |
| **Statement of Goal:** Successfully transition into training manager position and learn new job functions and role |
| **Measurement:** No real measurement for this except to determine if transition from old job into new position is completed |
| **Projected Timeline:** 30 days after start of new job |
| **Annual Review Employee Comments/Supporting Evidence:** |
| **Annual Review Supervisor Comments/Supporting Evidence:** Uchenna has demonstrated that he has learned |
| **Score:** 3.0 |
| **Performance Goal 2** |
| **Statement of Goal:** Design and document the course content for the Business Analyst learning track within the ITTP |
| **Measurement:** Delivery of finished usable content via a course syllabus, associated exercises and evaluation exams |
| **Projected Timeline:** 5/01/2016 - 08/01/2016 |
| **Annual Review Employee Comments/Supporting Evidence:** |
| **Annual Review Supervisor Comments/Supporting Evidence:** Initial documents were provided on time and were acceptable for program use. These items continue to be revised as the program continues. |
| **Score:** 3.0 |
| **Performance Goal 3** |
| **Statement of Goal:** Successfully on-board new class of trainees for ITTP within the allotted two week startup period |
| **Measurement:** Percentage of new trainees on-board and ready to begin training with all necessary corporate credentials and access to necessary systems and materials |
| **Projected Timeline:** 6/01/2016 - 6/15/2016 |

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*



Employee Evaluation

| | |
|---|---|
| Annual Review Employee Comments/Supporting Evidence: | |
| Annual Review Supervisor Comments/Supporting Evidence: | All available trainees were provided with necessary items and ready to begin on-time as scheduled. |
| Score: 3.0 | |

| Performance Goal 4 |
|---|
| Statement of Goal: |
| Measurement: |
| Projected Timeline: |
| Annual Review Employee Comments/Supporting Evidence: |
| Annual Review Supervisor Comments/Supporting Evidence: |
| Score: |

| Performance Goal 5 |
|---|
| Statement of Goal: |
| Measurement: |
| Projected Timeline: |
| Annual Review Employee Comments/Supporting Evidence: |
| Annual Review Supervisor Comments/Supporting Evidence: |
| Score: |

| Average Score for Performance Goals | 3.0 | |
|---|---|---|

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*



Employee Evaluation

| III. Standards of Performance | | |
|---|---|---|
| Standard | Score | Comments/Supporting Evidence |
| Customer Experience: Customer Engagement, Etiquette, Responsiveness, and Communication | 3.5 | |
| Professional Demeanor: Attitude, Appearance, Courtesy, and Respect | 3.5 | |
| Ownership/Accountability: Sense of Ownership, Punctuality, Accountability (Self Accountability and Peer Accountability) | 3.5 | |
| Compliance/Safety: Ethics, Privacy, Confidentiality, Safety Awareness | 3.5 | |
| **Average Score for Standards of Performance** | 3.5 | |

| IV. Values | | | |
|---|---|---|---|
| Value | Expectation | Score | Comments/Supporting Evidence |
| Vision | Willingness to look forward to the future and make decisions necessary to accomplish important goals. | 3.0 | |
| Integrity | Maintains the highest standards of behavior. Encompasses honesty, ethics, and doing the right things for the right reason. | 4.0 | |
| Superior Service | Provides excellent service and will take the extra time to make sure the task is completed on time and accurately. | 3.5 | |
| Innovation | Very creative and willing to explore new approaches to improving the overall process. | 3.0 | |
| Teamwork | An abiding respect for others and a sustaining commitment to work together. | 3.5 | |
| Stewardship | Dedicated to responsible stewardship of Lakeview Center's assets and financial resources, and to community service | 4.0 | |
| | **Average Score for Values** | 3.5 | |

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*



Employee Evaluation

## Performance Evaluation Final Score

|  | Score | Weight | Value |
|---|---|---|---|
| Average Score for Essential Job Functions | 3.0 | 30% | 0.9 |
| Average Score for Performance Goals | 3.0 | 30% | 0.9 |
| Average Score for Standards of Performance | 3.5 | 20% | 0.7 |
| Average Score for Values | 3.5 | 20% | 0.7 |
| Overall Average and Final Score | | | 3.2 |

## V.   Development Goals

Establish 1-3 developmental goals for the fiscal year. Goals should be a collaborative effort between the manager and the employee. The developmental goals should align with the overall business strategy and the employee's career goals.

| Development Goal 1 |
|---|
| **Statement of Goal:** Learn more about the various information technology disciplines offered as services by GCE to the client. |
| **Measurement:** Demonstrated proficiency by participation in the content evaluations provided to the trainees across the different learning tracks. |
| **Projected Timeline:** evaluation period |
| **Annual Review Employee Comments:** |
| **Annual Review Supervisor Comments:** Uchenna participated in all vendor provided training along with the trainees. He continues to study the content related to the SE learning track. |
| Development Goal 2 |
| **Statement of Goal:** |
| **Measurement:** |
| **Projected Timeline:** |
| **Annual Review Employee Comments:** |

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*



Employee Evaluation

| Annual Review Supervisor Comments: | |
|---|---|
| **Development Goal 3** | |
| Statement of Goal: | |
| Measurement: | |
| Projected Timeline: | |
| Annual Review Employee Comments: | |
| Annual Review Supervisor Comments: | |

### Additional Supervisor Comments (Optional)

Uchenna has transitioned well into the training manager position and has done a good job picking up where the previous training manager left off. He has made significant progress in the effort to improve the overall delivery of the ITTP. He is rapidly coming up to speed on all of the internal management processes and learning the intricacies of supervision in this setting.

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*



Employee Evaluation

| **Deputy Program Manager/Program Manager Comments (Optional)** |
|---|
| |

| **Employee Comments (Optional)** |
|---|
| no comments |

| **Attachments** | |
|---|---|
| Job Description – Signed by Employee (Required) | |
| Corrective Action Plan (If Applicable) | |
| Other: | |

| **Annual Review** | | |
|---|---|---|
| Supervisor: | Christia n Grijalva | Digitally signed by Christian Grijalva DN: CN = Christian Grijalva email = christian.grijalva@gce.org C = US O = GCE OU = GCE Date: 2017.01.18 14:51:55 -08'00' |
| Deputy Program Manager/Program Manager: | Christia n Grijalva | Digitally signed by: Christian Grijalva DN: CN = Christian Grijalva email = christian.grijalva@gce. /org C = US O = GCE OU = GCE Date: 2017.01.18 14:52:06 -08'00' |
| Employee: | Uchenna Faumuina-Eze | Digitally signed by Uchenna Faumuina-Eze Date: 2017.01.18 14:55:54 -08'00' |
| *My signature certifies that I have reviewed my annual evaluation form and have been given the opportunity to provide feedback.* | | |

EITS-FM004-v1                    Page 8 of 8                    Issue Date: 10/01/2016
Approval: DCR # 48

*Please note that the information contained in this document is discoverable. Any copies you make or any other documentation you maintain on an employee should be kept in a private and secure location.*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John F. Klopfenstein, Esq. SB#164905<br>9 West Gabilan Street, Suite 6, Salinas, CA. 93901<br><br>TELEPHONE NO.: 831 751-3947    FAX NO.: 831 751-3982<br>ATTORNEY FOR *(Name):* john.klopfenstein@yahoo.com | ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 1/30/2018 2:31 PM<br>By: Stephani Zavala, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Monterey
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: 1200 Aguajito Road
CITY AND ZIP CODE: Monterey, CA. 93940
BRANCH NAME: Civil Branch

CASE NAME:
Uchenna Faumuina-Eze v. Global Connections to Employment, Inc. et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 18CV000404 |
| | | | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action *(specify):*  4 Causes of Action

5. This case [ ] is  [✓] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 01/30/2018

John F. Klopfenstein, Esq.
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

**FW-003**

## Order on Court Fee Waiver
### (Superior Court)

Clerk stamps date here when form is filed.

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 1/30/2018 2:31 PM
By: Stephani Zavala, Deputy

**(1) Person who asked the court to waive court fees:**

Name: Uchenna Faumuina-Eze

Street or mailing address: 201 Rome Road

City: Seaside          State: CA   Zip: 93955

**(2) Lawyer, if person in (1) has one** *(name, address, phone number, e-mail, and State Bar number):* John F. Klopfenstein, Esq. 9 West Gabilan Street, Suite 6, Salinas, CA. 93901 SB#164905

*Fill in court name and street address:*

Superior Court of California, County of Monterey, 1200 Aguajito Road, Monterey, Ca. 93940

**(3)** A request to waive court fees was filed on *(date):* 01/30/2018

☐ The court made a previous fee waiver order in this case on *(date):*

*Read this form carefully. All checked boxes* ☑ *are court orders.*

*Fill in case number and name:*

Case Number:
18CV000404

Case Name:

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**(4)** After reviewing your:  ☐ *Request to Waive Court Fees*     ☐ *Request to Waive Additional Court Fees*
*the court makes the following orders:*

a. ☒ The court **grants** your request, as follows:

(1) ☒ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in Superior Court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Reporter's fee for attendance at hearing or trial, if reporter provided by the court
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

- Giving notice and certificates
- Sending papers to another court department
- Court-appointed interpreter in small claims court

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Other *(specify):* _____

☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2015, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52          **Order on Court Fee Waiver (Superior Court)**          FW-003, Page 1 of 2

Your name: _____

Case Number: _____

b. ☐ The court **denies** your fee waiver request, as follows:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) ☐ The court **denies** your request because it is incomplete. You have **10 days** after the clerk gives notice of this order (see date of service on next page) to:
- Pay your fees and costs, or
- File a new revised request that includes the items listed below *(specify incomplete items)*:

_____

(2) ☐ The court **denies** your request because the information you provided on the request shows that you are not eligible for the fee waiver you requested *(specify reasons)*: _____

_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)*, form FW-006. You have **10 days** after the clerk gives notice of this order (see date of service below) to:
- Pay your fees and costs in full or the amount listed in c. below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. ☐ The court needs more information to decide whether to grant your request. You must go to court on the date below. The hearing will be about *(specify questions regarding eligibility)*:

_____

☐ Bring the following proof to support your request if reasonably available:

_____

Name and address of court if different from above:

( Hearing Date ) → Date: _____   Time: _____   _____
Dept.: _____   Room: _____   _____

> **Warning!** If item c is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: _____   Signature of *(check one)*: ☐ Judicial Officer   ☐ Clerk, Deputy

**Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation*, Form MC-410. (Civil Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one)*:   ☐ A certificate of mailing is attached.

☐ I handed a copy of this order to the party and attorney, if any, listed in ① and ② at the court, on the date below.

☒ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city)*: **Salinas** _____, California on the date below.

Date: **01/30/18** _____   Clerk, by _____ Zavala, Stephani _____, Deputy

**This is a Court Order.**

| | For Court Use Only |
|---|---|
| *Attorney or Party without Attorney:*<br>John F. Klopfenstein, Bar #164905<br>Law Office of John F. Klopfenstein<br>9 Gabilan Street, Suite 6<br>Salinas, CA 93901<br>*Telephone No:* 751-3947   *FAX No:* 751-3982<br>john.klopfenstein@yahoo.com<br>*Attorney for:* Plaintiff | **ELECTRONICALLY FILED BY**<br>**Superior Court of California,**<br>**County of Monterey**<br>**On 2/8/2018 2:06 PM**<br>**By: Janet Nicholson, Deputy** |

*Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
Superior Court of California, County of Monterey

*Plaintiff:* Uchenna Faumuina-Eze

*Defendant:* Global Connections To Employment, Inc., A Corporation Doing Business In California, et al

| **PROOF OF SERVICE<br>SUMMONS, COMPLAINT** | *Hearing Date:*<br>Tue, Jun. 05, 2018 | *Time:*<br>9:00AM | *Dept/Div:*<br>14 | *Case Number:*<br>18CV000404 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS, COMPLAINT, NOTICE OF ASSIGNMNENT & CASE MANAGEMENT CONFERENCE; Civil Case Cover Sheet

*3. a. Party served:*           Global Connections to Employment, Inc., a Corporation doing business in California
   *b. Person served:*        Becky DeGeorge, authorized to accept

*4. Address where the party was served:*      CSC - Lawyers Incorporating Service
                                        2710 Gateway Oaks Dr., Ste. 150N
                                        Sacramento, CA 95833

*5. I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri., Feb. 02, 2018 (2) at: 5:28PM

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:* Global Connections to Employment, Inc., a Corporation doing business in California
   Under CCP 416.10 (corporation)

*7. Person Who Served Papers:*                        Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Jeremy Glaze                           *d. The Fee for Service was:*    $45.00
   **b. BAY POINT LEGAL SERVICE**         e. I am: (3) registered California process server
      820 Park Row #652, Registration # 29            *(i)*   Independent Contractor
      Salinas, CA 93901                          *(ii)*   *Registration No.:*    2011-65
   c. 831-422-3007, FAX 844-308-6508           *(iii)*   *County:*            Sacramento

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

  *Date:* **Mon, Feb. 05, 2018**

                                                 *(Jeremy Glaze)*

Judicial Council Form POS-010                **PROOF OF SERVICE**                          7513947.75416
Rule 2.150.(a)&(b) Rev January 1, 2007      **SUMMONS, COMPLAINT**

Exhibit C

1  Ford & Harrison LLP
   Ross A. Boughton (SBN 241119)
2  rboughton@fordharrison.com
   Timothy L. Reed (SBN 258034)
3  treed@fordharrison.com
   505 Montgomery Street, Suite 1001
4  San Francisco, California 94111
   Telephone:   (415) 852-6900
5  Facsimile:   (415) 852-6901

6  Attorneys for Defendant
   GLOBAL CONNECTIONS TO EMPLOYMENT,
7  INC.

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF MONTEREY

10                       UNLIMITED JURISDICTION

11

12  UCHENNA FAUMUINA-EZE,                  CASE NO.  18CV000404

13                Plaintiff,               **DEFENDANT'S NOTICE TO STATE
                                           COURT AND ADVERSE PARTY**
14       vs.                              **OF REMOVAL TO U.S. DISTRICT COURT,
                                           NORTHERN DISTRICT OF CALIFORNIA**
15  GLOBAL CONNECTIONS TO
16  EMPLOYMENT, INC., a Corporation
    doing business in California and Does 1-
17  20, inclusive,
                                           Action Filed:   January 30, 2018
18                Defendants

19

20  TO THE CLERK OF THIS COURT, PLAINTIFF UCHENNA FAUMUINA-EZE AND HIS

21  ATTORNEYS OF RECORD:

22       PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

23  United States District Court for the Northern District of California on March 2, 2018 by

24  Defendant GLOBAL CONNECTIONS TO EMPLOYMENT, INC., under federal court case

25  number [tk].

26       Attached hereto as Exhibit "A" is a copy of the Notice of Removal and supporting papers,

27  the filing of which effect the removal of this action to the United States District Court, Northern

28  District of California.

WSACTIVELLP:9658088.1

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MCSC CSE NO. 18CV000404
NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT
DOCUMENT PRINTED ON RECYCLED PAPER

1

2

3   Dated: March 2, 2018                    FORD & HARRISON LLP

4

5                                            By: _____

6                                                Ross A. Boughton
                                                 Timothy L. Reed
7                                                Attorneys for Defendant
                                                 GLOBAL CONNECTIONS TO
8                                                EMPLOYMENT, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

WSACTIVELLP:9658088.1                        - 2 -

MCSC CSE NO. 18CV000404
NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT
                                                 DOCUMENT PRINTED ON RECYCLED PAPER

1

## **PROOF OF SERVICE**

2

I, James Riley, declare:

3

I am a citizen of the United States and employed in San Francisco, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 505 Montgomery Street, Suite 1001, San Francisco, California  94111.  On March 2, 2018, I served a copy of the within document(s):

4

5

6

**DEFENDANT'S NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL TO U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

7

8

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

9

10

11

12

13

John F. Klopfenstein
LAW OFFICES OF JOHN F. KLOPFENSTEIN
9 Gabilan Street, Suite 6
Salinas, California  93901
Tel:  831-751-3947
Fax:  931-751-3982
Email:  john.klopfenstein@yahoo.com

Attorneys for Plaintiff
*Plaintiff*
*Uchenna Gaumuina-Eze*

14

15

16

17

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on March 2, 2018, at San Francisco, California.

18

19

20

James Riley

21

22

23

24

25

26

27

28

WSACTIVELLP:9658088.1

MCSC CSE NO. 18CV000404
NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT
DOCUMENT PRINTED ON RECYCLED PAPER